## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESSICA CASEY, MELODY EDWARDS, and DEBBIE FOSTER, individually, and, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **NO. 3:17-CV-00521** |
| **ROGER C. DENTON, individually; SCHLICHTER, BOGARD & DENTON, L.L.P.; MICHAEL S. BURG, individually; BURG, SIMPSON, ELDREDGE, HERSH & JARDINE, P.C.; MICHAEL A. LONDON, individually; DOUGLAS & LONDON, P.C.; MARK R. NIEMEYER, individually; NIEMEYER, GREBEL & KRUSE, LLC.; DANIEL P. MASSEY, individually; DANIEL MASSEY LAW FIRM, P.C.; DAVID M. PETERSON, individually; PETERSON & ASSOCIATES, P.C.; GREGORY McEWEN, individually; and McEWEN LAW FIRM, LTD.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGE HERNDON** |
| **Defendants.** | ) | |

### AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Jessica Casey, Melody Edwards and Debbie Foster, by and through their attorney, Kevin Rogers, and, for their amended complaint against the Defendants state as follows:

### NATURE OF ACTION

1.     This is a class action / mass tort brought by Jessica Casey, Melody Edwards and Debbie Foster, individually, and on behalf of all others similarly situated, against Defendants,

Roger C. Denton, ("Denton"), Defendant Michael S. Burg, ("Burg"), Michael A. London, ("London"), Mark R. Niemeyer, ("Niemeyer") under Illinois common law for negligence and in the alternative, breach of fiduciary duties in that they allowed their cases along with others of the putative class to be dismissed with prejudice by not complying with an order of court.

In the alternative, Casey, Edwards and Foster also bring individual actions against the Defendants Daniel P. Massey, ("Massey"), David M. Peterson, ("Peterson") and Gregory McEwen, ("McEwen") under Illinois common law for legal malpractice in that those Defendants allowed the named Plaintiffs' cases to be dismissed with prejudice by not complying with an order of court.

2.    Named Plaintiffs underlying cause of action arose from their use and ingestion of a prescribed contraceptive medication entitled; Yaz®/Yasmin®, Ocella and Gianci (hereinafter, and collectively, "Yaz") which was brought against the manufacturer Defendant Bayer Healthcare Pharmaceuticals, Inc., ("Bayer").

3.    Underlying Plaintiffs alleged that Bayer, through a standardized advertising, promotional, and marketing campaign hatched, incubated, facilitated, and consummated by them in a uniform manner, engaged in unfair and deceptive marketing by purposefully misrepresenting, concealing, and omitting the fact that the consumption of Yaz by a consumer would substantially and/or exponentially increase the consumer's risk of having a thrombosis, heart attack, stroke, or other cardiovascular complications.   It was alleged that Bayer had purposefully hidden this fact from consumers.

4.    Bayer, it was alleged, omitted the afore disclosures in order to sell Yaz to consumers under false pretenses, and sold millions of dollars worth of Yaz worldwide which it

2

would not have otherwise sold had it made the proper disclosures, and, it has violated respective consumer fraud statutes, was strictly liable in tort for manufacturing and distributing this product, ineffectively warned consumers of the products dangers, and, that their conduct was otherwise negligent and/or fraudulent against Plaintiffs and the class members.

5.    The breach of fiduciary duty more specifically alleged below occurred when the Defendants Denton, Burg, London and Niemeyer failed to respond to discovery issued by Bayer against your complaining class members and failed to respond to a motion to dismiss with prejudice by the Bayer Defendants.  These acts and omissions prejudiced the interests of the putative class members resulting in the pending cases of the named Plaintiffs and putative class to be dismissed with prejudice on January 7, 2016; docketed January 11, 2016.

6.    The alternative legal malpractice more specifically alleged below occurred when the Defendants Massey, attorney for Jessica Casey; Peterson, attorney for Melody Edwards; and, McEwen, attorney for Debbie Foster; failed to respond to the Defendants discovery and consequent motion to dismiss as mandated by a order of the federal district court.  As a result of their failures to act and omissions, the pending cases of the named Plaintiffs were dismissed with prejudice on January 7, 2016; docketed January 11, 2016.

### JURISDICTION AND VENUE

7.    Jurisdiction arises pursuant to Court order of August 8, 2011 (D.E. 53) ruling that this Court has original jurisdiction pursuant to 28 U.S.C. 1331 and supple-

mental jurisdiction pursuant to 28 U.S.C. 1367(a)[1].

8.      Venue is proper because all transactions and occurrences complained of herein occurred in the Southern District of Illinois.

## PARTIES

9.      Plaintiff and proposed class representative Jessica Casey, is and was at all times relevant, a citizen and resident of the County of Hardin in the State of Kentucky.

10.     Plaintiff and proposed class representative Melody Edwards, is and was at all times relevant, a citizen and resident of the County of Johnson in the State of Kansas.

11.     Plaintiff and proposed class representative Debbie Foster, is and was at all times relevant, a citizen and resident of the County of Kershaw in the State of South Carolina.

12.     Defendant, Roger C. Denton, ("Denton"), is a citizen and resident of the County of St. Louis in the State of Missouri.  He was a court designated liaison counsel in *In Re: Yasmin and Yaz (drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 3:09-md-02100-DRH-CJP, ("**MDL**").  He is here sued in his individual capacity.

13.     Defendant Schlichter, Bogard & Denton, LLP, ("Schlichter Bogard") is a limited liability partnership duly organized under the laws of the State of Missouri and, whose principal place of business is in St. Louis, Missouri.   Schlichter Bogard at all times relevant was the employer of Roger C. Denton and is here sued on a theory of *respondeat superior*.

---

[1] Plaintiffs opposed this Court's jurisdiction in a petition for remand and continue to object to this Court's assertion of jurisdiction.   This pleading should not be considered a waiver of that objection.

14.     Defendant Michael S. Burg, ("Burg"), is a citizen and resident of the County of Arapahoe in the State of Colorado.  He was a court designated lead counsel in the **MDL**.  He is here sued in his individual capacity.

15.     Defendant Burg, Simpson, Eldredge, Hersh & Jardine, P.C., ("Burg Simpson") is a professional corporation duly organized under the laws of the State of Colorado and, whose principal place of business is in Englewood, Colorado.  Burg Simpson was at all times relevant the employer of Michael S. Burg and is here sued on a theory of *respondeat superior.*

16.     Defendant Michael A. London, ("London"), is a citizen and resident of the County of New York in the State of New York.  He was a court designated lead counsel in the **MDL**.  He is here sued in his individual capacity.

17.     Defendant Douglas & London, P.C. is a professional corporation duly organized under the laws of the State of New York and, whose principal place of business is in New York, New York.   Douglas & London was at all times relevant the employer of Michael A. London and is here sued on a theory of *respondeat superior.*

18.     Defendant Mark R. Niemeyer, ("Niemeyer") is a citizen and resident of the County of St. Louis in the State of Missouri.   He was a court designated lead counsel in the **MDL**.  He is here sued in his individual capacity.

19.     Defendant Niemeyer, Grebel & Kruse, LLC, ("Niemeyer Grebel"), is a limited liability corporation duly organized under the laws of the State of Missouri and, whose principal place of business is in St. Louis, Missouri.  Niemeyer Grebel was at all times relevant the employer of Mark R. Niemeyer and is here sued on a theory of *respondeat superior.*

20.     Defendant Daniel P. Massey, ("Massey"), is a citizen and resident of the County

5

of  Maricopa in the State of Arizona.  He was at all times relevant the individual attorney and counsel for the Plaintiff Jessica Casey in: *Casey v. Bayer HealthCare Pharmaceuticals, Inc., et al.*; No. 14-cv-10387.   He is here sued in his individual capacity.

21.    Defendant Daniel Massey Law Firm, P.C., ("Massey Firm"), is a professional corporation organized and duly authorized under the laws of the State of Arizona.   The Massey Firm's principal place of business is in the City of Scottsdale, County of Maricopa in the State of Arizona.  The Massey Firm was at all times relevant the employer of Daniel P. Massey and is here sued on a theory of *respondeat superior.*

22.    Defendant David M. Peterson, ("Peterson") is a citizen and resident of the City of Kansas City, County of Jackson in the State of Missouri.  He was at all times relevant individual attorney and counsel for Melody Edwards in: *Edwards v. Bayer Corporation, et al.*; No. 12-cv-11370.  He is here sued in his individual capacity.

23.    Defendant Peterson & Associates, P.C., ("Peterson & Associates") is a professional corporation organized and duly authorized under the laws of the State of Missouri. Peterson & Associates' principal place of business is in the City of Kansas, County of Jackson in the State of Missouri.   Peterson & Associates was at all times relevant the employer of David M. Peterson and is here sued on a theory of *respondeat superior.*

24.    Defendant Gregory McEwen is a citizen and resident in the County of Dakota in the State of Minnesota.  He was at all times relevant individual attorney and counsel for the Plaintiff Debbie Foster in: *Foster v. Bayer HealthCare Pharmaceuticals, Inc., et al.*; No. 14-cv-10003.  He is here sued in his individual capacity.

25.    Defendant McEwen Law Firm, Ltd., ("McEwen Firm"), is a Minnesota

6

Corporation organized and duly authorized under the laws of the State of Minnesota.   The

McEwen Firm's principal place of business is in the City of Inver Grove Heights, County of

Dakota in the State of Minnesota.  The McEwen Firm was at all times relevant the employer of

Gregory McEwen and is here sued on a theory of *respondeat superior.*

## **THE CLASS**

26.      Representative Class Plaintiffs Jessica Casey, Melody Edwards and Debbie Foster

bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure Rule

23.1 of the Local Rules of the United States District Court for the Southern District of Illinois.

Plaintiffs seek certification of a class of individuals who were purchasers of Yaz, filed product

liability actions/class actions against Bayer and had their actions dismissed with prejudice due to

the acts and omissions of these Defendants which prejudiced their interests causing their cases to

be dismissed with prejudice.  The Class is defined as:

> All individuals who were prescribed, obtained and consumed Bayer-manufactured Yaz
> and/or its generic, Bayer-manufactured counterparts from January 1, 1999 up to and
> including the present and whose cases against Bayer were dismissed with prejudice in the
> U.S. District Court by its order of January 7, 2016 (docketed January 11, 2016) for
> failure to comply with that Court's standing Case Management Order No. 79 because the
> Defendants Roger C. Denton, Michael S. Burg, Michael A. London and Mark R. Nie-
> meyer, breached their fiduciary duties owed the above named Plaintiffs and the Class to
> not prejudice their interests, and, but for the alleged breaches, Plaintiffs and the Class
> were damaged. Plaintiffs Jessica Casey, Melody Edwards and Debbie Foster were
> members and representatives of the putative class in the underlying cause in that they
> were prescribed, obtained and consumed Yaz and/or its generic Bayer-manufactured
> counter-part for their personal use within the class period and, as a result, suffered injury,
> damages and future injury as a consequence of said use.  Plaintiffs' lawsuits were dis-
> missed with prejudice because the above named Defendants' breached their fiduciary
> duties owed the Plaintiffs by prejudicing their interests and, that but for those breaches,
> the Plaintiffs would have prevailed in the underlying cause and been made whole.

27.    This action is proper for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  The proposed class is so numerous that individual joinder of all members is impracticable.  The exact number and identities of the class members are known to Plaintiffs based upon the Court's docketed order of January 11, 2016, the class number is forty four (44). See Dismissal Order of January 11, 2016; Pl Ex 1.

28.    Questions of law and fact arise from Bayer's conduct in misrepresenting Yaz as a safe product suitable for consumption by consumers.  Such questions are common to all Class members and predominate over any questions affecting only individual Class members.

a)    whether Yaz causes arrhythmia, cardiac arrest/heart attack, intracardiac thrombus, pulmonary embolism, stroke or other cardiovascular complications in women in their child bearing years that consumed Yaz;

b)    whether Bayer markets and misrepresents Yaz as a safe product, fit for human consumption;

c)    whether Bayer failed to adequately disclose to consumers that the use of Yaz substantially increases the risks of arrhythmia, cardiac arrest/heart attack, intracardiac thrombus, pulmonary embolism, stroke or other cardiovascular complications;

d)    whether Bayer's failure to disclose the dangers of Yaz is a material omission of fact;

e)    whether Bayer engaged in a marketing practice intended to conceal the dangers of Yaz;

f)    whether Bayer's sales and marketing practices constitutes strict products liability; defective manufacturing;

g)    whether Bayer's sales and marketing practices constitutes strict products liability; design defect;

h)    whether Bayer's sales and marketing practices violates product liability; defect due to inadequate warning;

8

i)      whether Bayer's sales and marketing practices constitutes negligence;

j)      whether Bayer's sales and marketing practices constitutes fraud; and,

k)      whether Bayer's sales and marketing practices breaches express warranties of the
product;

l)      whether Bayer's sales and marketing practices breaches implied warranties of the
product;

m)     whether Bayer's sales and marketing practices violated the Plaintiff's applicable
state consumer fraud and deceptive practices acts; and,

n)      whether Bayer should be barred from marketing Yaz in a deceptive and uniform
manner; and,

o)      whether Bayer in fact manufactured, labeled and distributed generic versions of
Yaz.

29.     Additionally, questions of law and fact arise from Lead and Liaison Counsel's

Denton, Burg, London and Niemeyer's acts and/or omissions in prejudicing the interests of the

Class Plaintiffs and the putative Class by causing their complaints to be dismissed with prejudice

for not complying with orders of Court.  Such questions are common to all Class members and

predominate over any questions affecting only individual Class members.  The myriad of

questions of law and fact common to the Class include but are not limited to:

a)      whether there existed a fiduciary relationship between the dismissed Plaintiffs
and the putative Class and, the Defendants, Denton, Burg, London and Niemeyer
and each of them.

b)      whether the Defendants Denton, Burg, London and Niemeyer, owed a fiduciary
duty to the Plaintiffs and the Class to not prejudice their interests as class
members;

c)      whether the Defendants, Denton, Burg, London and Niemeyer and each of them,
breached their fiduciary duty owed the Class by prejudicing the interests of the
Plaintiffs and putative Class by failing to abide by discovery and order of court

9

that resulted in the Plaintiffs and the Class' cases being subject to a motion to dismiss with prejudice;

d)      whether the Defendants, Denton, Burg, London and Niemeyer and each of them, breached their duty by prejudicing the interests of the Plaintiffs and putative Class by failing to respond to or designate class counsel to respond to a motion to dismiss resulting in the Plaintiffs and the Class' cases being dismissed with prejudice;

e)      whether Lead and Liaison Counsel Denton, Burg, London and Niemeyer were recipients of all Court motions and orders on behalf of all of the Plaintiffs and putative Class in the underlying cause;

f)      Whether Lead and Liaison Counsel Denton, Burg, London and Niemeyer received the motions and filings on behalf of all of the plaintiffs in the underlying cause;

g)      Whether the Defendants Denton, Burg, London and Niemeyer received, coordinated and responded to all pretrial discovery on behalf of plaintiffs in all actions which were consolidated with the MDL;

h)      Whether the Defendants Denton, Burg, London and Niemeyer prepared records of time and task relative to the receipt of discovery, responses to discovery, communication with individual counsel and responses to same;

i)      Whether the Defendants Denton, Burg, London and Niemeyer prepared records of time and task relative to the receipt of, dissemination of and response to motions to dismiss the Plaintiffs and putative class's actions, discovery, responses to discovery, communication with individual counsel and responses to same;

j)      Whether the Defendants Denton, Burg, London and Niemeyer failed to initiate proposals, suggestions, schedules or joint briefs, and any other appropriate matters pertaining to pretrial proceedings;

k)      Whether the Defendants Denton, Burg, London and Niemeyer opposed motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of the Lead and Liaison attorneys;

l)      Were the Defendants Denton, Burg, London and Niemeyer failures to act and omissions in prejudicing the interests of the putative class the proximate cause of the Plaintiffs and the Class' damages;

10

m)    Whether the Plaintiffs and the putative Class were damaged as a result of the
failures to act and omissions of the Defendants Denton, Burg, London and
Niemeyer by their prejudicing the interests; and,

n)    Did the Defendants Denton, Burg, London and Niemeyer put their interests ahead
of the interests of the Plaintiffs and the putative class members;

30.    Plaintiffs will fairly and adequately represent and pursue the interests of Class

members.  Plaintiffs' counsel has experience in consumer class action cases.  Plaintiffs believe

that the nature of their claims herein, have no disqualifying conditions, and will vigorously

represent the interests of the Class.

31.    Class treatment of these claims is an appropriate method for the fair and efficient

adjudication of the controversy.

## FACT RELEVANT TO ALL COUNTS

### Background Of The Sales And Marketing Of Yaz

32.    Yaz®, Yasmin®, and, Ocella and Gianci (the generic counterparts) are birth

control pills manufactured and marketed by Bayer Defendants. They are combination oral

contraceptives, or "COCs," meaning that they contain an estrogen component and a progestin

component.  Together, these steroidal components work together in COCs to suppress ovulation,

fertilization, and implantation and thus prevent pregnancy.

33.    The progestin component of Yaz known as ***drospirenone*** when combined with

the estrogen components was found to develop certain effects in users that are different from

other progestins, and potentially more dangerous.

34.    A dangerous effect of ***drospirenone*** is that it acts as a diuretic, which can cause

11

an increase in potassium levels in the blood. This can lead to a condition known as hyperkalemia if the potassium levels become too high.  Hyperkalemia can cause heart rhythm disturbances, such as extrasystolies, pauses, or bradycardia. If left untreated, hyperkalemia can be fatal. If hyperkalemia disrupts the normal heart rhythms, the flow of blood through the heart can be slowed to the point that it permits blood clots to form. Blood clots in the heart can then lead to heart attacks, or the clots can break off and travel to the lungs where they can cause pulmonary embolism, or can travel to the brain causing stroke. The diuretic nature of *drospirenone* also attributes to blood clot formation elsewhere in the body.

35.     An additional dangerous effect of *drospirenone* is that in acting as a diuretic, it can result in dehydration.  Dehydration, may lead to the formation of gall stones and increased levels of cholesterol in the blood and, may lead to more serious  gallbladder disease.

36.     Upon information and belief, it was alleged that Bayer knew or should have known that the use of *drospirenone* in Yaz causes arrhythmia, cardiac arrest/heart attack, intracardiac thrombus, pulmonary embolism, deep vein thrombosis, stroke, and/or gallbladder disease, which can require surgical intervention.

37.     During the brief time that Yaz has been sold in the United States, hundreds of reports of injury and death have been submitted to the FDA in association with Defendants' products.  These reports include deaths associated with cardiac arrhythmia, cardiac arrest, intracardiac thrombus, pulmonary embolism, and stroke in women in their child bearing years.

38.     Bayer not only ignored the increased risk of the development of the aforementioned injuries associated with the use of Yaz, but they have, through their marketing and advertising campaigns, urged women to use Yaz instead of birth control pills that present a safer

alternative.

## **Plaintiffs' Use of Yasmin and Resulting Injuries**

39.    Notwithstanding claims of Bayer regarding the effectiveness and safety of Yaz, and/or its generic counterparts, Plaintiff's medical provider prescribed said to Jessica Casey which she then used.

40.    As a direct and proximate result of using Yaz,  Jessica Casey suffered injury from a thrombosis in the mid inferior vena cava in March 2010.

41.    At the time of her injuries, Plaintiff Jessica Casey was unaware that Yaz was defective and presented a significantly higher risk of injuries, such as sinus thrombosis and she had no reason to believe that Bayer's acts and omissions caused her harm.

42.    As a result of Bayer's claims regarding the effectiveness and safety of Yaz Plaintiff Melody Edward's medical provider prescribed and Plaintiff began using Yaz and/or its generic counterparts, in 2010 until she suffered sinus thrombosis on or about September 24, 2010.

43.    At the time of her injuries, Plaintiff Melody Edwards was unaware that Yaz was defective and presented a significantly higher risk of injuries, such as sinus thrombosis and she had no reason to believe that Bayer's actions or omissions caused her harm.

44.    As a direct and proximate result of using Yaz, Melody Edwards suffered the injuries described above.

45.    Plaintiff Debbie Foster's medical provider prescribed and she began using Yaz, and/or its generic counterparts, in or about November, 2010.

46.    As a direct and proximate result of using Yaz, Debbie Foster suffered a pulmon-

ary embolism on or about January, 2011, resulting in ongoing physical pain, significant changes in lifestyle, medical, health, incidental and related expenses, medical monitoring and/or medications, and the fear of developing additional health consequences.

47.    Ms. Foster did not know, nor could she have reasonably discovered through the use of reasonable diligence that Yaz wrongfully caused her to suffer a deep vein thrombosis on or about January, 2011, and that she had a claim against Bayer until less than one year from the date of filing her underlying action.

48.    Despite the fact that Bayer knew or should have known of the serious health risks associated with the use of Yaz, and/or its generic counterparts, Bayer failed to warn the above named Plaintiffs and/or their health care providers of said serious risks before they used the product.

## Plaintiffs' Underlying Causes Of Action

49.    Named Plaintiffs brought their respective underlying cases against Defendants for damages associated with their ingestion of the pharmaceutical drugs Yaz (ethinyl estradiol and *drospirenone*), an oral contraceptive designed, manufactured, marketed, and distributed by Defendants.

50.    Jessica Casey was originally represented by the Defendant Daniel P. Massey of the Daniel Massey Law Firm, P.C. who filed *Jessica Casey v Bayer Healthcare Pharmaceuticals, Inc.*, *et al*, 3:14-cv-10387-DRH-PMF.

51.    Melody Edwards was originally represented by the Defendants David M. Peterson of Peterson & Associates, P.C. who filed *Melody Edwards v. Bayer Corporation, Inc.*, *et al*,

3:12-cv-11370-DRH-PMF.

52.     Debbie Foster was represented by the Defendant Gregory McEwen of the Defendant McEwen Law Firm, Ltd. who filed *Debbie Foster v Bayer Healthcare Pharmaceuticals, Inc., et al,* 3:14-cv-10003-DRH-PMF.

53.     The underlying causes of action were thereafter transferred to the United States District Court for the Southern District of Illinois as well as thousands of other lawsuits by the Judicial Panel on Multidistrict Litigation and captioned: *In Re: Yasmin and Yaz (drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 3:09-md-02100-DRH-CJP; ("*Yaz* MDL")

54.     By virtue of the *Yaz* MDL being transferred to the United States District Court for the Southern District of Illinois, the Defendants Denton, Burg, London, Niemeyer, Massey, McEwen and Peterson were registered by electronic mail address and incorporated into the CM/ECF system which would thereafter place them on notice of filings, orders and other entries docketed into that system and relative to the *Yaz* MDL.

**Defendant Leadership's Duties Regarding The Underlying Causes Of Action**

55.     On or about November 10, 2009, responsive to a Plaintiffs' motion for class leadership, the  Court issued Order No. 2: Order Appointing Plaintiffs' Steering Committee and Interim Class Counsel, naming Roger Denton as Liaison counsel, and, Michael S. Burg, Michael A. London and Mark R. Niemeyer as interim lead counsel.  See *Yaz* MDL Order No. 2; Pl Ex 2.

56.     Denton, Burg, London and Niemeyer were also designated members of the

Plaintiffs' Steering Committee, ("PSC"). *Id.*

57.     Order No. 2, set out duties and responsibilities of the PSC. *Id.*

58.     Per Order No. 2., and with regard to discovery, Denton, Burg, London and Niemeyer were to "[i]nitiate and coordinate and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with [the] multi district litigation." *Id.*

59.     According to Order No. 2., and with regard to discovery, Denton, Burg, London and Niemeyer were to [d]evelop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs." *Id.*

60.     The directive also ordered Denton, Burg, London and Niemeyer to [c]onduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all of the plaintiffs." *Id.*

61.     Another of the duties and responsibilities set out in the order of November 10, 2009, was a directive that Denton, Burg, London and Niemeyer were to "[s]ubmit and argue all verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of the PSC." *Id.*

62.     Order No. 2 also mandated that Denton, Burg, London and Niemeyer "[p]erform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's Orders, including, organizing subcommittees comprised of plaintiffs' lawyers no on the PSC and delegating, designating or assigning them tasks consistent with the duties of the PSC." *Id.*

63.     By their appointment as Liaison and/or Class Counsel, Denton, Burg, London and

16

Niemeyer were reposed by the Court and applicable statutes with duties and responsibilities to the putative class members of trust, confidence and loyalty.

64.     In addition, Rule 23 of the Federal Rules Of Civil Procedure imposed upon Liaison and/or Class Counsel, Denton, Burg, London and Niemeyer that they must fairly and adequately represent the interests of the Class.

65.     By their appointment as Liaison and/or Class Counsel, Denton, Burg, London and Niemeyer were, by the Court's order of November 10, 2009, fiduciaries of the putative class members.

66.     Liaison and/or Class Counsel Denton, Burg, London and Niemeyer were to associate with the individual attorneys including; counsel for the named Plaintiffs: Massey, Peterson and McEwen to make Plaintiffs and the putative Class whole.

67.      Defendants Denton, Burg, London and Niemeyer would submit records of time and task seeking an award of attorneys fees and costs for their acts on behalf of the Plaintiffs and the putative class.

68.     Order No. 2 authorized control and management by Denton, Burg, London and Niemeyer over the class including the individual cases thus relegating the original and individual attorneys to passive positions.

69.     Defendants Denton, Burg, London and Niemeyer had a proprietary interest in the by prosecuting the claims of the Class to a beneficial outcome.

70.     Defendants Denton, Burg, London and Niemeyer advanced costs and expenses in prosecuting the *Yaz* **MDL**.

71.     Defendants Denton, Burg, London and Niemeyer during the course of the under-

17

lying, consolidated litigation, settled many of the cases with the Defendant Bayer.

**Defendant Leaderships' Duties Regarding Case Management Order 79**

72.    The remaining unsettled cases were subject to an order of the  in August of 2015;
Case Management Order No. 79. ("CMO 79"), creating two "tracks" for purposes of
resolving the remaining cases.  See Case Management Order No. 79;  Pl Ex 3

73.    Defendants Denton, Burg, London, Niemeyer, Massey, McEwen and Peterson
were notified of CMO 79 via the CM/ECF system which sent notification of the filing to all
attorneys of record.  *Id*.

74.    The tracks set out methods for resolving cases opting for settlement and providing
for settlement negotiations (Section II). *Id.*

75.    A track regarding other cases set out that they were required discovery and expert
reports in ostensible preparation for trial (Section III).  *Id.*

76.    CMO 79 set requirements for the tender of medical records, fact sheets, authoriz-
ations and expert reports that complied with CMO 12.  *Id.*

77.    CMO 79 set out that:

"[t]he claims of any plaintiff who does not comply with the requirements of Sections
III.3 and III. 4 within the applicable deadlines will be subject to a motion to dismiss with
prejudice . . ."

*Id.* at P 6.

78.    Defendants Denton, Burg, London and Niemeyer failed to personally respond to
or delegate or assign the tasks set out in CMO 79 for the Plaintiffs herein or the putative class.

79.    Defendants Massey, McEwen and Peterson failed to personally respond to and

abide by the tasks set out in CMO 79 for the Plaintiffs herein or the putative class.

80.    The Defendant Class Counsel, Denton, Burg, London and Niemeyer failed to

individually conduct the within discovery of Sections II and III of CMO 79 with regard to the

Plaintiffs and at least 41 other putative class members by failing to track or categorize their

cases.

81.    Defendants Denton, Burg, London and Niemeyer did not delegate, designate

or assign the tasks to conduct inquiry or discovery set out Sections II and III of CMO 79 in a

coordinated and consolidated manner on behalf of Plaintiffs herein or the putative class.

**Bayer Motion To Dismiss**

82.    On December 12, 2015, the Bayer Defendants moved the MDL Court to dismiss

with prejudice cases of the putative class members for failure to comply with CMO 79.   See

Motion to Dismiss; Pl Ex 4.

83.    Defendants Denton, Burg, London, Niemeyer, Massey, McEwen and Peterson

were notified of said motion via the CM/ECF system which sent notification of the filing to all

attorneys of record.   *Id*.

84.    Pursuant to CMO 79, each Plaintiff had 14 days to file an opposition to the Bayer

Defendants' motions to dismiss.   *Id.*

85.    According to said motion; Defendant Bayer pled that pursuant to Para. No. III.2.

of CMO 79, Bayer had 50 days to identify cases it believed were subject to the requirements of

Section III of CMO 79.  See Motion to Dismiss; Pl Ex 4.

86.    Para. No. III.2, according to Bayer, also instructed any Plaintiff who believed that

19

they should not have to comply with Section III to meet and confer with the Defendants and, if

unable to reach an agreement, submit disputes to the Special Master within 21 days. *Id.*

87.     None of the Plaintiffs named in the cases identified in the motion to dismiss had

disputed that they were subject Section III of the CMO.

88.     The motion to dismissed referenced that according to CMO 79 Paragraph III.3

and III.4 gave the Plaintiffs 120 days from the date of the order – i.e., until December 1, 2015 –

to comply with the substantive requirements such as sending preservation notices and producing

certain documents and limited expert reports. *Id.*

89.     The submission noted that none of the Plaintiffs subject to the motion satisfied

the requirements of Paragraph III.3 and III.4. *Id.*

90.     According to the Motion, Paragraph III.5 of CMO 79 provided that the Plaintiffs

who do not comply with their obligations under Section III of the CMO will be subject to a

motion to dismiss with prejudice.  *Id.*

91.     Defendants Denton, Burg, London and Niemeyer failed to personally respond to

delegate, designate or assign the task of responding to the Bayer motion to dismiss on behalf

of the Plaintiffs herein or the putative class.

92.     Defendants Massey, McEwen and Peterson failed to personally respond to the

Bayer motion to dismiss on behalf of the individual Plaintiffs, Casey, Edwards or Foster.

93.     Defendants Denton, Burg, London and Niemeyer knew or should have known that

their failure to respond to the Bayer motion to dismiss on behalf of the Plaintiffs herein or the

putative class would result in the Plaintiffs and at least 41 other putative class members cases

being dismissed with prejudice.

20

94.     Defendants Massey, McEwen and Peterson knew or should have known that their failure to respond to the Bayer motion to dismiss on behalf of the Plaintiffs Casey Edwards and Foster would result in the their individual claims being dismissed with prejudice.

95.     As a direct and proximate result of the Defendants Denton, Burg, London and Niemeyer failure to oppose the afore motion, on January 11, 2016 the Honorable Judge David R. Herndon ordered that the Plaintiffs and another forty one (41) putative class members be dismissed with prejudice.  See Dismissal Order, January 11, 2016; Pl Ex 1.

96.     As a direct and proximate result of the Defendants Massey, McEwen and Peterson failure to oppose the afore motion, on January 11, 2016 the Honorable Judge David R. Herndon ordered that the Plaintiffs Casey, Edwards and Fosters be dismissed with prejudice. See Dismissal Order, January 11, 2016; Pl Ex 1.

97.     Putative Class Member Jennifer Dzik sought reconsider of the Court's ruling for dismissal through her individual counsel which was denied.  See ***Dzik v. Bayer Corp., et al***, 3:10-cv-20389-DRH-PMF.  See ***Dzik v. Bayer Corporation***, 846 F.3d 211 (2017).  Pl Ex 5.

98.     Defendants Denton, Burg, London, and Niemeyer did not participate in the motion to reconsider the ***Dzik*** dismissal.

99.     Defendants Denton, Burg, London and Niemeyer did not move to vacate the dismissal of the Plaintiffs and other forty one (41) putative class members dismissed cases.

100.     Defendants Massey, McEwen and Peterson did not move to vacate the dismissal of the Jessica Casey's, Melody Edwards or Debbie Fosters dismissed cases.

101.     Defendants Denton, Burg, London and Niemeyer did not file a notice of appeal for the Plaintiffs and other forty one (41) putative class members cases following their dismissal.

102.    Defendants Massey, McEwen and Peterson did not file a notice of appeal on behalf of the Plaintiffs Casey, Edwards or Fosters cases following their dismissal.

103.    Individual counsel for putative class plaintiff Jennifer Dzik appealed the dismissal of her case and denial of her motion to reconsider.

104.    Defendants Denton, Burg, London and Niemeyer did not participate in the appeal of the *Dzik* dismissal.

105.    The Seventh Circuit Court of Appeals upheld the dismissal or Ms. Dzik's case on January 13, 2017.   See *Dzik v. Bayer Corporation*, 846 F.3d 211 (2017).  Pl Ex 5.

## COUNT I

### Class Breach Of Fiduciary Duties Claim vs. Lead Attorneys

106.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in as paragraphs 1. - 105. above as paragraphs 1. - 105. of Count I; *in haec verba*.

107.    The Defendants Denton, Burg, London and Niemeyer knew that their failure to file a timely comply with the duties and responsibilities set out in CMO 79 would subject Plaintiffs and the putative class members actions to be dismissed with prejudice.

108.    The Defendants Denton, Burg, London and Niemeyer failed to delegate and or assign the tasks of determining the duties and responsibilities set out in CMO 79 would subject Plaintiffs and the putative class members actions to be dismissed with prejudice to other class counsel.

109.    The Defendants Denton, Burg, London and Niemeyer had a duty to determine the classification of the Plaintiffs and putative class in accordance with CMO 79.

22

110.    The Defendants Denton, Burg, London and Niemeyer breached their duty by failing to determine the classification of the Plaintiffs and putative class in accordance with CMO 79.

111.    The Defendants Denton, Burg, London and Niemeyer failed to obtain the medical records of the Plaintiffs and putative class to show whether their injuries and claims had a basis in accordance with CMO 79.

112.    The Defendants Denton, Burg, London and Niemeyer failed to delegate and/or assign the tasks of obtaining the medical records of the Plaintiffs and putative class to show whether their injuries and claims had a basis in accordance with CMO 79.

113.    The Defendants Denton, Burg, London and Niemeyer failed to update and/or complete "Plaintiff Fact Sheets" and obtain medical authorizations that comply with CMO 12.

114.    The Defendants Denton, Burg, London and Niemeyer failed to delegate and/or assign the tasks updating and/or completing "Plaintiff Fact Sheets" and obtain medical authorizations that comply with CMO 12.

115.    The Defendants Denton, Burg, London and Niemeyer failed to submit certifications of compliance of plaintiffs counsel as set out in CMO 79.

116.    The Defendants Denton, Burg, London and Niemeyer failed to assign and or delegate the task of submitting certifications of compliance of plaintiffs counsel as set out in CMO 79 to class counsel.

117.    The Defendants Denton, Burg, London and Niemeyer failed to procure or provide a case specific expert report for the Plaintiffs and the putative Class relative to causation as required by CMO 79.

23

118.    The Defendants Denton, Burg, London and Niemeyer failed delegate or assign the tasks of procuring or providing a case specific expert report for the Plaintiffs and the putative Class relative to causation as required by CMO 79.

119.    A duty was owed by Denton, Burg, London and Niemeyer to the Plaintiffs and the putative class that encompassed obligations of fidelity, honesty, and good faith.

120.    Denton, Burg, London and Niemeyer owed a fiduciary duty to the Class to not prejudice their interests.

121.    Denton, Burg, London and Niemeyer breached their duties and obligations to Jessica Casey, Melody Edwards and Debbie Foster and the putative Class by failing to comply with CMO 79 knowing that their failure to obey said order and complying with the incorporated discovery may result in their case being dismissed with prejudice.

122.    Denton, Burg, London and Niemeyer breached their duties and obligations to Jessica Casey, Melody Edwards and Debbie Foster and the putative Class by failing to respond to and oppose the Bayer motion to dismiss (Pl Ex 4) knowing that their failure to respond to said motion would certainly result in named Plaintiffs and the putative class' causes being dismissed with prejudice.

123.    As a direct and proximate result of the breaches set out herein above, Jessica Casey, Melody Edwards and Debbie Foster and the putative Class's interests were prejudiced and they were consequently damaged by their being barred from any recovery from Bayer but for these Defendants' actions and omissions.

124.    As a direct and proximate result of the failures to act and omissions of the individually named Defendants aforesaid and their failures to act and omissions as more specifically

24

described above, Plaintiffs and the putative class lost any recovery and/or any settlement they may have had which would include compensation for any personal injury damages, lost wages and future damages that they suffered as a consequence of their consumption and ingestion of Yaz resulting in its deleterious effects on them.

125.    Plaintiffs demand trial by jury for all non-equity matters.

**WHEREFORE**, Plaintiffs, Jessica Casey, Melody Edwards and Debbie Foster on behalf of themselves and all others similarly situated, pray this Court rule as follows:

A.    Enter an order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class Representatives and their attorney as Lead Class Counsel to represent the Class;

B.    Enter an order finding in favor of the Plaintiffs and the Class and against the individual Defendants Rogers C. Denton, Michael S. Burg, Michael A. London, Mark R. Niemeyer, jointly and severally, as to the breach of fiduciary duty as alleged herein;

C.    Enter judgment against the individual Defendants Rogers C. Denton, Michael S. Burg, Michael A. London and Mark R. Niemeyer;

D.    Enter an order awarding damages in an amount to be determined by the Court or jury;

E.    Enter an order that prejudgment interest be assessed upon all amounts awarded;

F.    Enter an order of restitution and all other forms of equitable relief;

G.    Enter an order awarding Plaintiffs and the Class expenses and costs of suit; and,

H.    For such other and further relief as the Court deems appropriate.

## COUNT II

### *Respondeat Superior* Class Breach of Fiduciary Duty Claim vs. Lead Attorneys Employers

126.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in paragraphs 106. - 125. of Count I of this complaint as paragraph Nos. 106. - 124. of Count II; *in haec verba*.

127.    At all times relevant, the Defendant Roger C. Denton was an employee and agent of the Defendant Schlichter Bogard.

128.    At all times relevant, the Defendant Denton acted within the scope of the agency or employment with the Defendant Schlichter Bogard in the course of providing legal services and acting as a fiduciary to their clients.

129.    Defendant Schlichter Bogard hired, retained, supervised and otherwise controlled their agent and employee Roger C. Denton.

130.    As a direct and proximate result of the Defendant Denton's aforesaid breaches of his fiduciary duties and omissions as more specifically described above; Jessica Casey, Melody Edwards, Debbie Foster and the Class have lost any recovery they have had which would include compensation for any personal injury and pecuniary damages that they suffered as a consequence of the dismissal of January 11, 2016.

131.    The Defendant Schlichter Bogard by virtue of their supervision and control of their agent and employee Roger C. Denton is vicariously liable for his breaches of his fiduciary duties.

132.    At all times relevant, the Defendant Michael S. Burg was an employee and agent

of the Defendant Burg Simpson.

133.    At all times relevant, the Defendant Burg acted within the scope of the agency or employment with the Defendant Burg Simpson in the course of providing legal services and acting as a fiduciary to their clients.

134.    Defendant Burg Simpson hired, retained, supervised and otherwise controlled their agent and employee Michael S. Burg.

135.    As a direct and proximate result of the Defendant Burg's aforesaid breaches of his fiduciary duties and omissions as more specifically described above; Jessica Casey, Melody Edwards, Debbie Foster and the Class have lost any recovery they have had which would include compensation for any personal injury and pecuniary damages that they suffered as a consequence of the dismissal of January 11, 2016.

136.    The Defendant Burg Simpson by virtue of their supervision and control of their agent and employee Michael S. Burg is vicariously liable for breaches of his fiduciary duties.

137.    At all times relevant, the Defendant Michael A. London was an employee and agent of the Defendant Douglas & London.

138.    At all times relevant, the Defendant London acted within the scope of the agency or employment with the Defendant Douglas & London in the course of providing legal services and acting as a fiduciary to their clients.

139.    Defendant Douglas & London hired, retained, supervised and  otherwise controlled their agent and employee Michael A. London.

140.    As a direct and proximate result of the Defendant London's aforesaid breaches of his fiduciary duties and omissions as more specifically described above; Jessica Casey,

27

Melody Edwards, Debbie Foster and the Class have lost any recovery they have had which would include compensation for any personal injury and pecuniary damages that they suffered as a consequence of the dismissal of January 11, 2016.

141.    The Defendant Douglas & London by virtue of their supervision and control of their agent and employee Michael A. London is vicariously liable for breaches of his fiduciary duties.

142.    At all times relevant, the Defendant Mark R. Niemeyer was an employee and agent of the Defendant Niemeyer Grebel.

143.    At all times relevant, the Defendant Niemeyer acted within the scope of the agency or employment with the Defendant Niemeyer Grebel in the course of providing legal services for and acting as a fiduciary to their clients.

144.    Defendant Niemeyer Grebel hired, retained, supervised and  otherwise controlled their agent and employee Mark R. Niemeyer

145.    As a direct and proximate result of the Defendant Niemeyer's aforesaid breaches of his fiduciary duties and omissions as more specifically described above, Jessica Casey, Melody Edwards, Debbie Foster and the Class have lost any recovery they have had which would include compensation for any personal injury and pecuniary damages that they suffered as a consequence of the dismissal of January 11, 2016.

146.    The Defendant Niemeyer Grebel by virtue of their supervision and control of their agent and employee Mark R. Niemeyer is vicariously liable for his breaches of his fiduciary duties.

147.    Plaintiffs demand trial by jury for all non-equity matters.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray this Honorable Court rule as follows:

A.      Enter an order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class Representatives and their attorney as Lead Class Counsel to represent the Class;

B.      Find that the Defendants Niemeyer, Grebel & Kruse, LLC; Burg, Simpson, Eldredge, Hersh & Jardine; Douglas & London, P.C.; and, Schlichter, Bogard & Denton, LLP; are vicariously, jointly and severally, liable for the failures to act and omissions of the Defendants Roger C. Denton, Michael S. Burg, Michael A. London and Mark R. Niemeyer;

C.      Enter judgment against the Defendants Niemeyer, Grebel & Kruse, LLC; Burg, Simpson, Eldredge, Hersh & Jardine; Douglas & London, P.C.; and, Schlichter, Bogard & Denton, LLP;

D.      Enter an order finding in favor of the Plaintiffs and the Class and against the Defendants Niemeyer, Grebel & Kruse, LLC; Burg, Simpson, Eldredge, Hersh & Jardine; Douglas & London, P.C.; and, Schlichter, Bogard & Denton, LLP; upon principles of *respondeat superior.*

E.      Enter an order awarding damages in an amount to be determined by the Court or jury;

F.      Enter an order that prejudgment interest be assessed upon all amounts awarded;

G.      Order restitution and all other forms of equitable monetary relief;

H.      Enter an order awarding Plaintiffs and the Class expenses and costs of suit; and

I.      For further relief as the Court deems appropriate.


## COUNT III

### Jessica Casey Legal Malpractice Claims vs. Daniel P. Massey


148.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in paragraphs 1.- 104. of Count I of this complaint as paragraph Nos. 1. - 104. of Count III; *in haec verba*.

149.    The Defendant Daniel P. Massey, knew or should have known that his failure to timely respond to the Bayer's discovery requests would result in a motion to dismiss with prejudice and a consequent loss of any rights or remedies that the Plaintiff Jessica Casey would have had against Bayer.

150.    The Defendant Daniel P. Massey, knew or should have known that his failure to file a timely response to Bayer's motion to dismiss would result in the loss of any rights or remedies that the Plaintiff Jessica Casey would have had against Bayer.

151.    The Defendant Daniel P. Massey, owed a duty to the Plaintiff Jessica Casey to file a responsive pleading to Bayer's motion to dismiss within 14 days as set out in CMO 79 which mandated that he do so.

152.    The Defendant Daniel P. Massey, violated the applicable standard of care for attorneys so situated or, otherwise, failed to exercise a reasonable degree of skill and care in his representation of the Plaintiff Jessica Casey by failing to file a responsive pleading to Bayer's motion to dismiss within 14 days as mandated in CMO 79.

153.    As a direct and proximate result of the failures to act and omissions of Defendant

Daniel P. Massey aforesaid and his failures to act and omissions as more specifically described herein, Plaintiff Jessica Casey lost any recovery she would have had which would include compensation for any personal injury damages, lost wages and future damages that she suffered as a consequence of her consumption and ingestion of Yaz resulting in its deleterious effects on her.

154.    Plaintiffs demand trial by jury.

**WHEREFORE**, Plaintiff Jessica Casey prays that this Honorable Court rule as follows:

A.    Find that this Court has jurisdiction over this claim and controversy;

B.    Find that venue in this cause is proper;

C.    Find that the Plaintiff Jessica Casey would have prevailed in his claims against the underlying Defendant Bayer but for the acts and omissions of the Defendant Daniel P. Massey;

D.    Find that the Defendant Daniel P. Massey failed to exercise a reasonable degree of skill and care in their representation of Jessica Casey;

E.    Find that the Defendant Daniel P. Massey was liable for the acts and omissions that resulted in the dismissal of the Plaintiff Jessica Casey's claims against the underlying Defendant Bayer;

F.    Find that the Defendant Daniel P. Massey was professionally negligent in his representation of the Plaintiff Jessica Casey;

G.    Enter judgment against the Defendant Daniel P. Massey;

H.    Enter judgment against Daniel Massey Law Firm, P.C. based upon principles of *respondeat superior*;

I.     Award the Plaintiff Daniel Jessica Casey an amount in excess of $75,000.00 exclusive of interests and costs;

J.     Award the Plaintiff Jessica Casey the costs of this lawsuit; and,

K.     For such other and further relief as this Court deems just and reasonable.

## COUNT IV

### *Respondeat Superior* Claim vs. Daniel Massey Law Firm, P.C.

155.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in paragraphs 147.- 154. of Count III of this complaint as paragraph Nos. 147. - 154. of Count IV; *in haec verba*.

156.    At all times relevant, the Defendant Daniel P. Massey, was an employee and agent of the Defendant Daniel Massey Law Firm, P.C..

157.    At all times relevant, the Defendant Massey acted within the scope of the agency or employment with the Defendant Daniel Massey Law Firm, P.C. in the course of providing legal services for the Defendant Daniel Massey Law Firm, P.C. clients.

158.    Defendant Daniel Massey Law Firm, P.C. hired, retained, supervised and otherwise controlled their agent and employee Daniel Massey.

159.    As a direct and proximate result of the Defendant Massey's aforesaid negligent failures to act and/or omissions as more specifically described above, Jessica Casey, lost any recovery she may have had which would include compensation for any personal injury damages and lost wages that they suffered as a consequence of the dismissal of her case on January 11, 2016.

160.    The Defendant Daniel Massey Law Firm, P.C., by virtue of its supervision and control of its agent and employee Daniel P. Massey is vicariously liable for his failures to act and his omissions.

**WHEREFORE**, Plaintiff Jessica Casey prays that this Honorable Court rule as follows:

A.    Find that the Plaintiff Jessica Casey would have prevailed in her claims against the underlying Defendant Bayer, but for the acts and omissions of Defendant Daniel P. Massey while in the course of his employment with the Daniel Massey Law Firm, P.C.;

B.    Find that the Defendant the Daniel Massey Law Firm, P.C. failed to exercise a reasonable degree of supervision and control over the Defendant Daniel P. Massey in his representation of Jessica Casey;

C.    Find that the Defendant Daniel Massey Law Firm, P.C. is vicariously liable for the acts and omissions of their employee, Daniel P. Massey in his and its representation of the Plaintiff Jessica Casey;

D.    Enter judgment against the Defendant the Daniel Massey Law Firm, P.C., under the doctrine of *respondeat superior*;

E.    Award the Plaintiff Jessica Casey an amount in excess of $75,000.00 plus the costs of this lawsuit; and,

F.    For such other and further relief as this Court deems just and reasonable.

33

## COUNT V

### Melody Edwards Legal Malpractice Claims vs. David M. Peterson

161.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in paragraphs 1.- 104. of Count I of this complaint as paragraph Nos. 1. - 104. of Count V; *in haec verba*.

162.    The Defendant David M. Peterson, knew or should have known that his failure to timely respond to the Bayer's discovery requests would result in a motion to dismiss with prejudice and a consequent loss of any rights or remedies that the Plaintiff Melody Edwards would have had against Bayer.

163.    The Defendant David M. Peterson, knew or should have known that his failure to file a timely response to Bayer's motion to dismiss would result in the loss of any rights or remedies that the Plaintiff Melody Edwards would have had against Bayer.

164.    The Defendant David M. Peterson, owed a duty to Plaintiff Melody Edwards to file a responsive pleading to Bayer's motion to dismiss within 14 days as set out in CMO 79 which mandated that he do so.

165.    The Defendant David M. Peterson, violated the applicable standard of care for attorneys so situated or, otherwise, failed to exercise a reasonable degree of skill and care in his representation of the Plaintiff Melody Edwards by failing to file a responsive pleading to Bayer's motion to dismiss within 14 days as mandated in CMO 79.

166.    As a direct and proximate result of the failures to act and omissions of Defendant David M. Peterson aforesaid and his failures to act and omissions as more specifically described

herein, Plaintiff Melody Edwards lost any recovery she would have had which would include compensation for any personal injury damages, lost wages and future damages that she suffered as a consequence of her consumption and ingestion of Yaz resulting in its deleterious effects on her .

167.    Plaintiffs demand trial by jury.

**WHEREFORE**, Plaintiff Melody Edwards prays that this Honorable Court rule as follows:

A.    Find that this Court has jurisdiction over this claim and controversy;

B.    Find that venue in this cause is proper;

C.    Find that the Plaintiff Melody Edwards would have prevailed in her claims against the underlying Defendant Bayer but for the acts and omissions of the Defendant David M. Peterson;

D.    Find that the Defendant David M. Peterson failed to exercise a reasonable degree of skill and care in their representation of Melody Edwards;

E.    Find that the Defendant David M. Peterson was liable for the acts and omissions that resulted in the dismissal of the Plaintiff Melody Edwards's claims against the underlying Defendant Bayer;

F.    Find that the Defendant David M. Peterson was professionally negligent in his represent-ation of the Plaintiff Melody Edwards;

G.    Enter judgment against the Defendant, David M. Peterson;

H.    Enter judgment against Peterson & Associates, P.C., based upon principles of *respondeat*

*superior*;

I.      Award the Plaintiff Daniel Melody Edwards an amount in excess of $75,000.00

        exclusive of interests and costs;

J.      Award the Plaintiff Melody Edwards the costs of this lawsuit; and,

K.      For such other and further relief as this Court deems just and reasonable.


## COUNT VI

### *Respondeat Superior* Claim vs. Peterson & Associates, P.C.

168.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in

paragraphs 161.- 167. of Count V of this complaint as paragraph Nos. 161. - 167. of Count VI;

*in haec verba*.

169.    At all times relevant, the Defendant David M. Peterson, was an employee and

agent of the Defendant Peterson & Associates, P.C.

170.    At all times relevant, the Defendant Peterson acted within the scope of the agency

or employment with the Defendant Peterson & Associates, P.C. in the course of providing legal

services for the Defendant Peterson & Associates, P.C. clients.

171.    Defendant Peterson & Associates, P.C. hired, retained, supervised and otherwise

controlled their agent and employee David M. Peterson.

172.    As a direct and proximate result of the Defendant Peterson's aforesaid negligent

failures to act and/or omissions as more specifically described above, Melody Edwards, lost any

recovery she may have had which would include compensation for any personal injury damages

and lost wages that they suffered as a consequence of the dismissal of her case on January 11,

2016.

173.    The Defendant Peterson & Associates, P.C. by virtue of its supervision and control of its agent and employee David M. Peterson is vicariously liable for his failures to act and his omissions.

**WHEREFORE**, Plaintiff Melody Edwards prays that this Honorable Court rule as follows:

A.    Find that the Plaintiff Melody Edwards would have prevailed in her claims against the Defendant Bayer, but for the acts and omissions of Defendant David M. Peterson while in the course of his employment with the Peterson & Associates, P.C.

B.    Find that the Defendant Peterson & Associates, P.C. failed to exercise a reasonable degree of supervision and control over the Defendant David M. Peterson in his represent-ation of Melody Edwards;

C.    Find that the Defendant Peterson & Associates, P.C. is vicariously liable for the acts and omissions of their employee, David M. Peterson in his and its representation of the Plaintiff Melody Edwards;

D.    Enter judgment against the Defendant Peterson & Associates, P.C. under the doctrine of *respondeat superior*;

E.    Award the Plaintiff Melody Edwards an amount in excess of $75,000.00 plus the costs of this lawsuit; and,

F.    For such other and further relief as this Court deems just and reasonable.

## COUNT VII

### Debbie Foster Legal Malpractice Claims vs. Gregory McEwen

174.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in paragraphs 1.- 104. of Count I of this complaint as paragraph Nos. 1. - 104. of Count VII; *in haec verba*.

175.    The Defendant Gregory McEwen, knew or should have known that his failure to timely respond to the Bayer's discovery requests would result in a motion to dismiss with prejudice and a consequent loss of any rights or remedies that the Plaintiff Debbie Foster would have had against Bayer.

176.    The Defendant Gregory McEwen, knew or should have known that his failure to file a timely response to Bayer's motion to dismiss would result in the loss of any rights or remedies that the Plaintiff Debbie Foster would have had against Bayer.

177.    The Defendant Gregory McEwen, owed a duty to Plaintiff Debbie Foster to file a responsive pleading to Bayer's motion to dismiss within 14 days as set out in CMO 79 which mandated that he do so.

178.    The Defendant Gregory McEwen, violated the applicable standard of care for attorneys so situated or, otherwise, failed to exercise a reasonable degree of skill and care in his representation of the Plaintiff Debbie Foster by failing to file a responsive pleading to Bayer's motion to dismiss within 14 days as mandated in CMO 79.

179.    As a direct and proximate result of the failures to act and omissions of Defendant Gregory McEwen aforesaid and his failures to act and omissions as more specifically described

38

herein, Plaintiff Debbie Foster lost any recovery she would have had which would include compensation for any personal injury damages, lost wages and future damages that she suffered as a consequence of her consumption and ingestion of Yaz resulting in its deleterious effects on her .

     180.    Plaintiffs demand trial by jury.

     **WHEREFORE**, Plaintiff Debbie Foster prays that this Honorable Court rule as follows:

A.     Find that this Court has jurisdiction over this claim and controversy;

B.     Find that venue in this cause is proper;

C.     Find that the Plaintiff Debbie Foster would have prevailed in her claims against the underlying Defendant Bayer but for the acts and omissions of the Defendant Gregory McEwen;

D.     Find that the Defendant Gregory McEwen failed to exercise a reasonable degree of skill and care in their representation of Debbie Foster;

E.     Find that the Defendant Gregory McEwen was liable for the acts and omissions that resulted in the dismissal of the Plaintiff Debbie Foster's claims against the underlying Defendant Bayer;

F.     Find that the Defendant Gregory McEwen was professionally negligent in his representation of the Plaintiff Debbie Foster;

G.     Enter judgment against the Defendant Defendant, Gregory McEwen;

H.     Enter judgment against McEwen Law Firm, Ltd. based upon principles of *respondeat superior*;

I.      Award the Plaintiff Daniel Debbie Foster an amount in excess of $75,000.00

exclusive of interests and costs;

J.      Award the Plaintiff Debbie Foster the costs of this lawsuit; and,

K.      For such other and further relief as this Court deems just and reasonable.

## COUNT VIII

### *Respondeat Superior* Claim vs. McEwen Law Firm, Ltd.

181.    Plaintiff restates, realleges, adopts and incorporates the allegations set forth in

paragraphs 174.- 180. of Count VII of this complaint as paragraph Nos. 174. - 180. of Count

VIII; *in haec verba*.

182.    At all times relevant, the Defendant Gregory McEwen, was an employee and

agent of the Defendant McEwen Law Firm, Ltd.

183.    At all times relevant, the Defendant McEwen acted within the scope of the

agency or employment with the Defendant McEwen Law Firm, Ltd. in the course of

providing legal services for the Defendant McEwen Law Firm, Ltd. clients.

184.    Defendant McEwen Law Firm, Ltd. hired, retained, supervised and otherwise

controlled their agent and employee Gregory McEwen.

185.    As a direct and proximate result of the Defendant McEwen's aforesaid negligent

failures to act and/or omissions as more specifically described above, Debbie Foster, lost any

recovery she may have had which would include compensation for any personal injury damages

and lost wages that they suffered as a consequence of the dismissal of her case on January 11,

2016.

186.    The Defendant McEwen Law Firm, Ltd. by virtue of its supervision and control of

its agent and employee Gregory McEwen is vicariously liable for his failures to act and his

omissions.

**WHEREFORE**, Plaintiff Debbie Foster prays that this Honorable Court rule

as follows:

A.    Find that the Plaintiff Debbie Foster would have prevailed in her claims against the

Defendant Bayer, but for the acts and omissions of Defendant Gregory while in the

course of his employment with the McEwen Law Firm, Ltd.

B.    Find that the Defendant McEwen Law Firm, Ltd. failed to exercise a reasonable degree

of supervision and control over the Defendant Gregory McEwen in his representation of

Debbie Foster;

C.    Find that the Defendant McEwen Law Firm, Ltd. is vicariously liable for the acts and

omissions of their employee, Gregory McEwen in his and its representation of the

Plaintiff Debbie Foster;

D.    Enter judgment against the Defendant McEwen Law Firm, Ltd. under the doctrine of

*respondeat superior*;

E.    Award the Plaintiff Debbie Foster an amount in excess of $75,000.00 plus the costs

of this lawsuit; and,

F.    For such other and further relief as this Court deems just and reasonable.

Respectfully submitted:

s/ Kevin Rogers
Attorney for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I, Kevin Rogers, hereby certify that on September 15, 2017, I electronically filed the Plaintiffs' **AMENDED COMPLAINT** with the Clerk of the U.S. District Court for the Southern District of Illinois by using the CM/ECF system.  Notice of this filing will be sent via the Court's electronic filing system to all parties of record and/or indicated below:

**A. J. Bronsky**              ajbronsky@bjpc.com,

**Christopher P. Montville**   montville@wtotrial.com

**James M. Brodzik**          jbrodzik@hinshawlaw.com

**James R. Mendillo**         jmendillo@freeark.com

**Mark D. Bauman**            mbauman@hinshawlaw.com

**Michael J. Nester**         mnester@drnpc.com

**Michael L. O'Donnell**      odonnell@wtotrial.com

**Peter W. Herzog, III**      pherzog@wtotrial.com

**Thomas J. Palazzolo**       palazzolo@wtotrial.com

**Todd A. Lubben**            tlubben@bjpc.com

s/      Kevin Rogers

Kevin Rogers   ARDC IL  # 6192609
LAW OFFICES OF KEVIN ROGERS
307 N. Michigan Avenue   Suite 305
Chicago, IL 60601
T/ F (312) 332-1188 / (312) 332-0192
email: Kevin@Kevinrogerslaw.com

42