IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBBIE FOSTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-521-NJR |
| | ) |
| **GREGORY MCEWEN,** | ) |
| and **MCEWEN LAW FIRM, LTD.,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court for case management purposes, having been transferred to the undersigned District Judge on December 18, 2018, following Judge David R. Herndon's retirement (Doc. 103). For the reasons set forth below, the Court remands this matter to state court.

### BACKGROUND

This legal malpractice lawsuit stems from work performed (or not performed) by certain plaintiffs' attorneys in the Yaz multi-district litigation ("MDL"). *See In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, No. 3:09-md-02100-DRH-CJP. Both the Yaz MDL and this subsequent malpractice action initially were assigned to Judge Herndon. While the Yaz MDL concluded prior to Judge Herndon's retirement, this ongoing matter was transferred to the undersigned for further proceedings.

In the underlying MDL, plaintiffs claimed Yaz manufacturer Bayer Healthcare

Pharmaceuticals, Inc., knew or should have known that Yaz birth control had serious health risks associated with its use, yet failed to warn individuals and their health care providers of those risks (Doc. 74, p. 13). Plaintiff Debbie Foster, who used Yaz and subsequently suffered a suffered a pulmonary embolism in January 2011, retained Defendants Gregory McEwen and the McEwen Law Firm, Ltd., to represent her in the Yaz litigation (*Id.*, ¶ 46).

To help manage the litigation, Judge Herndon appointed a Plaintiffs' Steering Committee (PSC) and granted certain responsibilities to a select number of attorneys chosen to represent the common interests of all plaintiffs in the MDL (Doc. 74-2). Fourteen lawyers were appointed to the PSC, which Judge Herndon separated into two sub-groups: Co-Lead Counsel and Liaison Counsel (*Id.*). Defendants in this case were not members of the PSC.

After a number of Yaz MDL cases were settled, Judge Herndon entered Case Management Order No. 79 ("CMO No. 79"), which placed the remaining unresolved cases (including Foster's case) on separate litigation tracks. CMO No. 79 also ordered plaintiffs to comply with various deadlines and provide specified documents to Bayer, including a Plaintiff Fact Sheet, certain medical and pharmacy records, and an expert report addressing whether Yaz caused the plaintiff's injury (Doc. 74-3). The Defendants in this case were given notice of CMO No. 79 via the Case Management/Electronic Case Filing ("CM/ECF") system, which notifies attorneys of record of filings (Doc. 74, p. 19). CMO No. 79 provided that plaintiffs who failed to comply with certain obligations would be subject to a motion to dismiss with prejudice (Doc. 74, p. 20). CMO No. 79 did not

place any responsibilities on Lead or Liaison counsel.

On December 17, 2015, Bayer moved to dismiss 44 individual plaintiffs, including Foster, for failure to comply with CMO No. 79. Bayer's motions seeking dismissal were filed in each delinquent plaintiffs' personal case file, not in the Yaz MDL master docket. *See* Case No. 3:14-cv-10003-DRH-PMF, Doc. 6. Defendants did not respond to Bayer's motion to dismiss on behalf of their client, and the Court dismissed Foster's claims with prejudice on January 11, 2016. *See id.* at Docs. 7, 8. Defendants also did not file any motions to reconsider, to alter judgment, or to appeal after the case was dismissed. *See id.*

On May 8, 2017, Foster—along with now-dismissed Plaintiffs Melody Edwards and Jessica Casey—filed a putative class action complaint alleging legal malpractice in the Circuit Court of St. Clair County, Illinois (Doc. 1-2). Among the defendants were Lead and Liaison counsel and their respective law firms, as well as the Plaintiffs' individually retained attorneys and their law firms (*Id.*). Plaintiffs alleged that Defendants failed to respond to Bayer's discovery and subsequent motion to dismiss, as mandated by CMO No. 79 (Doc. 74, p. 3). They further asserted that Defendants knew or should have known that their individual claims would be dismissed with prejudice due to their failure to comply with CMO No. 79 or respond to Bayer's motion to dismiss (Doc. 74, p. 21). Because of the dismissal with prejudice, Plaintiffs claimed they lost any right or remedies they would have had against Bayer.

On May 16, 2017, certain Defendants removed the malpractice action to federal court asserting the Court has original jurisdiction over the matter because it "call[s] on the Court to reach determinations regarding the nature of, and the extent of, the duties of

lead and liaison counsel in federal multidistrict litigation, appointed by a federal court, pursuant to federal statute" as well as the "interpretation of how those duties were exercised pursuant to orders" of the Court (Doc. 1). Plaintiffs subsequently moved to remand claiming that the Class Action Fairness Act ("CAFA") governed and that removal was improper because the action failed to meet the jurisdictional requirement of more than 100 plaintiffs (Doc. 18).

Judge Herndon denied Plaintiffs' motion to remand, finding that CAFA did not apply and holding that "whether Lead/Liaison counsel owed plaintiffs a duty turns on a federal question essential to the resolution of plaintiffs' claims." (Doc. 53, p. 8). Judge Herndon found that the determination of the MDL leadership counsel's duties would require the Court to resolve an issue of federal law and "necessarily implicates the federal system as a whole." (*Id.*). He further found that federal jurisdiction over the cause of action would not disrupt the federal-state court balance because Illinois courts do not have any interest in how federal courts organize and manage MDLs (*Id.*, p. 11). Finding that the Court had original jurisdiction over the claims against Lead and Liaison counsel, Judge Herndon then exercised supplemental jurisdiction over the state law malpractice claims against Plaintiffs' individually retained counsel (*Id.*, p. 12).

On September 4, 2018, Judge Herndon granted a Motion for Judgment on the Pleadings filed by Lead and Liaison counsel, finding they owed no fiduciary duties to Plaintiffs (Doc. 93). That order dismissed the class action allegations, leaving only the Plaintiffs' individual claims against their retained counsel, *i.e.*, the claims over which the Court exercised supplemental jurisdiction (*Id.*).

lead and liaison counsel in federal multidistrict litigation, appointed by a federal court, pursuant to federal statute" as well as the "interpretation of how those duties were exercised pursuant to orders" of the Court (Doc. 1). Plaintiffs subsequently moved to remand claiming that the Class Action Fairness Act ("CAFA") governed and that removal was improper because the action failed to meet the jurisdictional requirement of more than 100 plaintiffs (Doc. 18).

Judge Herndon denied Plaintiffs' motion to remand, finding that CAFA did not apply and holding that "whether Lead/Liaison counsel owed plaintiffs a duty turns on a federal question essential to the resolution of plaintiffs' claims." (Doc. 53, p. 8). Judge Herndon found that the determination of the MDL leadership counsel's duties would require the Court to resolve an issue of federal law and "necessarily implicates the federal system as a whole." (*Id.*). He further found that federal jurisdiction over the cause of action would not disrupt the federal-state court balance because Illinois courts do not have any interest in how federal courts organize and manage MDLs (*Id.*, p. 11). Finding that the Court had original jurisdiction over the claims against Lead and Liaison counsel, Judge Herndon then exercised supplemental jurisdiction over the state law malpractice claims against Plaintiffs' individually retained counsel (*Id.*, p. 12).

On September 4, 2018, Judge Herndon granted a Motion for Judgment on the Pleadings filed by Lead and Liaison counsel, finding they owed no fiduciary duties to Plaintiffs (Doc. 93). That order dismissed the class action allegations, leaving only the Plaintiffs' individual claims against their retained counsel, *i.e.*, the claims over which the Court exercised supplemental jurisdiction (*Id.*).

On November 29, 2018, Edwards voluntarily dismissed her claims against her retained counsel (Doc. 101). Likewise, on February 27, 2019, Casey filed a stipulation of dismissal as to her claims against her retained counsel (Doc. 108). Accordingly, only Foster's state law legal malpractice claims against Defendants Gregory McEwen and McEwen Law Firm, Ltd., remain in this case (*Id.*).

## DISCUSSION

As noted above, this case was transferred to the undersigned District Judge on December 19, 2018. After thoroughly reviewing the matter, the Court declines to exercise supplemental jurisdiction over Foster's state law legal malpractice claim.

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Although the decision is discretionary, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). While the presumption is rebuttable, "it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

Here, the claims over which there was original jurisdiction have been dismissed, and all that is left is a single legal malpractice claim—an issue purely of Illinois state law. Thus, the presumption is that this case would return to state court. And the facts of this matter support a remand to St. Clair County. Few resources have been expended by the Court in overseeing this claim or by the parties involved, as discovery was stayed while Judge Herndon determined the liability of Lead and Liaison counsel. Furthermore, a motion to dismiss and a motion for summary judgment, both based on Illinois law, are still pending, which gives an Illinois court an opportunity to interpret Illinois law. The Court also notes that while Judge Herndon may have had a special interest in deciding the supplemental claims in this case, given his years of experience overseeing the MDL, the undersigned lacks any connection to the Yaz litigation or the parties in this matter.

In sum, there simply is no longer any reason for this federal court to wade into areas of Illinois state law. For these reasons, the Court concludes that state court is the more appropriate forum for this case. Accordingly, the Court **REMANDS** this matter the Circuit Court of St. Clair County, Illinois, for all further proceedings.

**IT IS SO ORDERED.**

DATED:   February 28, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**